**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4121**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEOBARDO SOLIS MARTINEZ,

Defendant - Appellant.

---

**No. 05-4193**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PHILLIP TYRONE MORRISON,

Defendant - Appellant.

---

Appeals from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (CR-03-4)

---

Submitted: May 19, 2006                    Decided: July 19, 2006

---

Before WILKINS, Chief Judge, WILLIAMS, Circuit Judge, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

William E. Loose, Asheville, North Carolina, for Appellant Phillip Tyrone Morrison; William C. Bunting, Jr., SHUMAKE, LOOP & KENDRICK, Charlotte, North Carolina, for Appellant Leobardo Solis Martinez. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Defendants-appellants, Phillip Morrison and Leobardo Martinez, were convicted in federal district court of conspiracy to possess with the intent to distribute at least five kilograms of cocaine and at least fifty grams of cocaine base (crack), 21 U.S.C. §§ 841 and 846. Morrison was also convicted of possession with intent to distribute at least 500 grams of cocaine, id. § 841, and using and carrying a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c). Martinez was also convicted of possession with intent to distribute at least five kilograms of cocaine, 21 U.S.C. § 841. Morrison received concurrent life sentences on the drug counts plus a consecutive sixty-month sentence for the firearm count, while Martinez was sentenced to concurrent terms of 151 months' imprisonment on his two convictions. Each appellant noted a timely appeal and, for the reasons that follow, we affirm the district court's judgments.

Martinez challenges the district court's admission of two photographs depicting him holding firearms. In one of these photographs, Martinez is nude. However, as a condition to the nude photograph's admission, the court ordered the government to cover the lower half of Martinez's nude body, which the government did. According to Martinez, because his counsel conceded in his opening statement that Martinez possessed a firearm, this concession rendered the photographs inadmissible. We review evidentiary

rulings by the court for an abuse of discretion. Old Chief v. United States, 519 U.S. 172, 174 n.1 (1997).

Rule 402 of the Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible . . . . Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Rule 401 defines relevant evidence as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Supreme Court and this court have both held that a stipulation does not render evidence tending to prove the underlying stipulation irrelevant under Rules 401 or 402. See Old Chief, 519 U.S. at 178-79; United States v. Dunford, 148 F.3d 385, 394-95 (4th Cir. 1998). Therefore, if the photographic evidence is inadmissible, it is not inadmissible because the concession rendered it irrelevant. Rather, "its exclusion must rest . . . on its character as unfairly prejudicial, cumulative or the like" under Rule 403. Old Chief, 519 U.S. at 179.

The question of whether Rule 403 bars the admission of evidence offered to prove stipulated facts was examined in Old Chief. The defendant in Old Chief was charged with possession of a firearm by a convicted felon, 18 U.S.C. § 922(g). The defendant stipulated, for purposes of trial, that he was a convicted felon within the meaning of § 922(g). Despite the stipulation, the

government sought to introduce court records indicating that the defendant's prior offense involved assault causing serious bodily harm. The defendant argued that, in light of the stipulation to the prior conviction, the arrest records were overly prejudicial under Rule 403. The Supreme Court held that, as a general matter, "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." Old Chief, 519 U.S. at 186-87. The Court reasoned that "the prosecution[,] with its burden of persuasion[,] needs evidentiary depth to tell a continuous story." Id. at 190. In Old Chief, however, the Court invoked an exception to that general rule. It concluded that the general rule of admissibility had "virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." Id.

Our circuit has interpreted Old Chief to apply only in cases where the disputed evidence "relate[s] . . . to facts far removed in time from the underlying [crimes] with which [the defendant] was charged." Dunford, 148 F.3d at 396. Martinez's case does not fall within this exception. Unquestionably, the challenged photographic evidence was "a relevant part of the very transactions leading to [Martinez's] arrest and indictment in this case." Id. Moreover, the photographic evidence buttressed the government's other

evidence suggesting that Martinez possessed firearms during drug transactions.

Turning to the question of whether the probative value of these photographs was outweighed by the danger of unfair prejudice, Martinez posits that the admission of the nude photograph, which was partially covered at the district court's direction, was unfairly prejudicial. We reject this argument. The photograph was prejudicial because it established that Martinez was so comfortable with possessing firearms that he was willing to be photographed with the firearms. Cf. United States v. Mohr, 318 F.3d 613, 619-20 (4th Cir. 2003) ("Rule 403 only requires suppression of evidence that results in unfair prejudice--prejudice that damages an opponent for reasons other than its probative value."). Moreover, in light of the steps taken by the district court to ensure that Martinez was not depicted nude, there is nothing unfair about the prejudicial impact of the photograph.

Under these circumstances, it was not an abuse of discretion for the district court to admit the challenged photographic evidence despite counsel for Martinez's concession.

Martinez next contends that the district court erred when it refused to suppress statements he made to law enforcement officers. We review de novo the court's legal conclusions on a motion to suppress, but review the court's factual findings underlying those

conclusions for clear error.  United States v. Guay, 108 F.3d 545, 549 (4th Cir. 1997).

Statements obtained from a defendant during custodial interrogation are presumptively compelled in violation of the Fifth Amendment's Self-Incrimination Clause and are therefore inadmissible in the government's case-in-chief.  Miranda v. Arizona, 384 U.S. 436, 457-58 (1966).  The government can overcome this presumption of coercion by showing that law enforcement officers (1) adequately informed the defendant of his Miranda rights and (2) obtained a waiver of those rights.  Id. at 444.

A defendant may waive his Miranda rights only if he does so "knowingly and voluntarily."  North Carolina v. Butler, 441 U.S. 369, 373 (1979).  Waiver need not be express, but may be implied from the defendant's actions and words.  Id.  To determine whether a defendant has waived his Miranda rights, we look to the "totality of the circumstances."  Moran v. Burbine, 475 U.S. 412, 421 (1986) (internal quotation marks omitted).  In assessing knowingness, we ask whether the defendant had "full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."  Id.  In assessing voluntariness, we ask whether the defendant's statement was "the product of a free and deliberate choice [or the result of] intimidation, coercion, or deception."  Id.

Although Martinez testified that he did not recall being advised that he had the right to have an attorney present during his interrogation, Officer Manuel Ascencio of the Statesville, North Carolina Police Department testified that he twice advised Martinez of his right to counsel, the first time reading in Spanish from a card he kept with him for the purpose of reading <u>Miranda</u> rights to suspects being arrested and the second time reading from a waiver of rights form employed by the Hickory, North Carolina Police Department to advise and request the waiver of <u>Miranda</u> rights. According to Officer Ascencio, Martinez stated that he understood each of his <u>Miranda</u> rights and that he wished to talk with the officers, after which he signed the waiver of rights form prior to questioning. Detective Brian Adams of the Hickory Police Department testified that, although he did not understand Spanish, it appeared to him that Officer Ascencio advised Martinez of his rights and that Martinez understood his rights when he decided to sign the waiver of rights form. In light of this evidence, we hold that the district court did not err when it concluded that Martinez was, in fact, properly advised of his <u>Miranda</u> rights and that Martinez knowingly and voluntarily waived those rights.

Morrison challenges two pieces of evidence admitted by the district court pursuant to Rule 404(b). Rule 404(b) of the Federal Rules of Evidence provides, in pertinent part, that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the

character of a person in order to show action in conformity therewith" but may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997). Evidence of prior acts is admissible under Rule 404(b) and Rule 403 if the evidence is: (1) relevant to an issue other than the general character of the defendant; (2) necessary; (3) reliable; and (4) if the probative value of the evidence is not substantially outweighed by its prejudicial effect. Id. at 997. Limiting jury instructions explaining the purpose for admitting evidence of prior acts and advance notice of the intent to introduce prior act evidence provide additional protection to defendants. Id.

In this case, Morrison objected to evidence of a 1993 drug transaction he was involved in, as well as a 1999 automobile stop, during which Morrison provided an alias and a firearm and more than $40,000 in cash were seized. With respect to the 1993 incident, while it occurred prior to the time of the conspiracy as alleged in the indictment, this evidence was admitted pursuant to a limiting instruction, and by involving the same type of conduct alleged in the indictment, was relevant to issues other than character, for

example, Morrison's state of mind and absence of mistake. Moreover, the evidence was necessary to the government's efforts to prove a hotly contested issue at trial: whether Martinez participated in the charged conspiracy. Finally, the probative value of the 1993 incident was high because it related to a hotly contested issue at trial, and any unfair prejudice certainly was negated by the district court's limiting instruction.

The 1999 incident was clearly relevant to Morrison's participation in the charged conspiracy. The evidence concerning the 1999 transaction related to events within the charged time frame of the conspiracy and its admission into evidence, therefore, did not implicate Rule 404(b). Moreover, the failure of the officers to find drugs during the 1999 traffic stop is of no consequence because one would expect only a large amount of cash and firearms to be present in a car being used to acquire (as opposed to deliver) a large quantity of drugs.

Morrison also raises two issues concerning his sentence. The Probation Office completed a presentence report (PSR) in preparation for Morrison's sentencing. Based on a determination that Morrison was responsible for more than 1.5 kilograms of crack, the PSR calculated a total offense level of 38. This offense level, when combined with Morrison's criminal history category of VI, yielded a sentencing range under the Guidelines of 360 months to life imprisonment. Because Morrison had previously been

convicted of two drug felony offenses, the PSR noted that 21 U.S.C. § 841(b)(1)(A) dictated a term of imprisonment of life, while 18 U.S.C. § 924(c)(1)(A)(i) required a mandatory consecutive sentence of not less than five years be added to Morrison's life term of imprisonment.

Morrison claims that the enhancement of his sentence with a prior conviction that was committed during the course of the conspiracy violated both 21 U.S.C. § 841 and his rights guaranteed by the Double Jeopardy Clause. Morrison's double jeopardy argument has been rejected by this court. See United States v. Ambers, 85 F.3d 173, 178 (4th Cir. 1996) ("Enhancing [a defendant's] sentence for conspiracy because of a prior conviction, where one of the overt acts supporting the conspiracy resulted in the prior conviction . . . presents no double jeopardy problem. The enhancement increases the sentence for the current offense (conspiracy), not the sentence for the distinct, prior offense.").

Morrison fairs no better with his § 841 argument. Section 841(b)(1)(A) provides that, if a person commits a violation of that subparagraph after two or more prior convictions for a felony drug offense have become final, "such person shall be sentenced to a mandatory term of life imprisonment." 21 U.S.C. § 841(b)(1)(A). According to Morrison, because the instant drug conspiracy allegedly began in January 1995 and continued until July 2003, his drug conviction in August 1995 is not really a "prior" felony for

purposes of § 841 because it postdated the onset of the drug conspiracy. Morrison's argument is unpersuasive. "Conspiracy is a continuing offense, constantly renewing itself." United States v. Carter, 300 F.3d 415, 427 (4th Cir. 2002). Accordingly, Morrison's 1995 conviction "both preceded and postdated the 'beginning' of the conspiracy, because conspiracies, by their very nature, do not have a 'beginning' in the conventional sense of the word." Id.

For the reasons stated herein, the judgments of the district court are affirmed.[*]

AFFIRMED

---

[*]During the pendency of his appeal, Morrison filed a motion for appointment of substitute counsel, a motion to hold the appeal in abeyance pending a ruling on the motion for appointment of substitute counsel, and a motion to file a pro se supplemental brief. We deny the motion for appointment of substitute counsel and dismiss as moot the motion to hold the appeal in abeyance. We grant the motion to file a pro se supplemental brief. We have reviewed the arguments raised in the pro se supplemental brief and conclude that they have no merit.